IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Chad Kister,                                    :

                    Plaintiff              :        Civil Action 2:12-cv-00119

   v.                                           :        Judge Graham

Chris Henry, *et al.*,                        :        Magistrate Judge Abel

                    Defendant          :


**Report & Recommendation**

Plaintiff tendered a complaint to the Clerk of Court on February 8, 2012.

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(b) is

GRANTED.

It is ORDERED that plaintiff be allowed to prosecute this action without

prepayment of fees or costs and that judicial officers who render services in this action

shall do so as if the costs had been prepaid.

It is FURTHER ORDERED that the United States Marshal serve by certified mail

upon defendant a copy of the complaint and a copy of this Order.

This matter is now before the Magistrate Judge for an initial screening of the

complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss

the complaint, or any portion of it, which is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant

1

who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

The complaint alleges that defendant Chris Henry, a Tri-County mental health counselor, wrote a pink slip based on false statements to have plaintiff evaluated for psychiatric reasons. Ten deputies for the Athens County Sheriff kicked in his door with their guns drawn and transported him to O'Bleness Memorial Hospital. Defendant Jeff Beneseler took a blood sample from plaintiff against his will and informed him that he had no rights. The blood sample taken by Beneseler was used as evidence in the commitment hearing in probate court in violation of plaintiff's Fourth Amendment rights. Plaintiff was forced to meet with defendant Anthony Derrico, a psychiatrist with Appalachian Behavioral Healthcare, who requested that plaintiff be civilly committed. Plaintiff maintains that these actions were taken by defendants in retaliation for his successful lawsuits against police agencies. The complaint further alleges that he was kept at Appalachian Behavioral Healthcare for 23 days, where he was subjected to violations of his First, Second, Fourth, Eighth and Fourteenth Amendment rights.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claims for damages pursuant to 42 U.S.C. § 1983 are barred. Under *Heck* and its progeny, a state prisoner cannot state a cognizable claim under sections 1983 "if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ

of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (citing *Heck*, 512 U.S. at 486-87). The rule in *Heck* is not limited to claims challenging the validity of criminal convictions. *See Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1137 (9th Cir.2005)(applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Von Flowers v. Wisconsin Dep't of Health & Family Servs.*, 58 Fed.Appx. 649, 651, 2003 WL 352039, at 2 (7th Cir. 2003)("[Plaintiff] cannot sue for damages under § 1983 for his allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render his commitment invalid, until that commitment has been declared invalid through the proper channels.")(*citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff seeks monetary damages arising out of his civil commitment and claims no injury distinct from his commitment. Since he essentially attacks the lawfulness of his commitment without first having it set aside, his tendered complaint failed to state a claim under *Heck*. *See In re Kister*, 955 N.E. 2d 1029 (4th Dist. Ct of App. 2011).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge