IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Chad Kister,                           :

       Plaintiff               :    Civil Action 2:12-cv-00119

v.                                      :    Judge Graham

Chris Henry, *et al.*,                  :    Magistrate Judge Abel

       Defendant              :

**ORDER**

This matter is before the Court on plaintiff Chad Kister's March 12, 2012 objections to the Magistrate Judge's March 12, 2012 Initial Screening Report and Recommendation recommending the complaint be dismissed for failure to state a claim under 42 U.S.C. §1983.

Plaintiff's February 28, 2012 request to suspend this case and renew his writ of habeas corpus in case number 2:10-cv-00395 (doc. 5) will be ruled in case number 2:10-cv-00395.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation **in part,** and the complaint is **DISMISSED in part** for failure to state a claim under 42 U.S.C. §1983.

<u>Allegations in the Complaint</u>. The complaint alleges that defendant Chris Henry, a Tri-County mental health counselor, wrote a pink slip based on false statements to have plaintiff evaluated for psychiatric reasons. Ten deputies for the Athens County Sheriff kicked in his door with their guns drawn and transported him to O'Bleness

Memorial Hospital. Defendant Jeff Beneseler took a blood sample from plaintiff against his will and informed him that he had no rights. The blood sample taken by Beneseler was used as evidence in the commitment hearing in probate court in violation of plaintiff's Fourth Amendment rights. Plaintiff was forced to meet with defendant Anthony Derrico, a psychiatrist with Appalachian Behavioral Healthcare, who requested that plaintiff be civilly committed. Plaintiff maintains that these actions were taken by defendants in retaliation for his successful lawsuits against police agencies.

The complaint further alleges that he was kept at Appalachian Behavioral Healthcare for 23 days, where he was subjected to violations of his First, Second, Fourth, Eighth and Fourteenth Amendment rights. The complaint alleges that he suffered from food poisoning and severe diarrhea and was denied proper medical care. His Fourth Amendment rights were violated by having staff enter his room every half hour. His original writings were destroyed. His personal space was violated, and he was not permitted to shave without supervision. He was not permitted to live in a way that kept his greenhouse gas emissions low or to practice his religion by taking daily walks through the forest. He was not provided with filtered water, and his health was permanently damaged as a result. His health was also permanently damaged from being subjected to toxic chemicals off-gassing from furniture. Information from his website was used against him to justify his hospitalization violating his First Amendment rights.

Plaintiff's Objections. Plaintiff argues that even if the Court does not suspend this case until his writ of habeas corpus is decided, he still has numerous claims under

2

42 U.S.C. § 1983 concerning his treatment by O'Bleness Memorial Hospital, Tri-County Mental Health and Counseling, Appalachian Behavioral Healthcare, and the Athens County Sheriff. Plaintiff maintains that he was given a dangerous drug, Risperdal, although he was told he was taking a multivitamin. The clients rights officer confirmed that Kister was given three doses of Risperdal against his will and that Kister refused to consent to the forced medication. Plaintiff maintains that Appalachian Behavioral Healthcare refused to treat his hernia, which worsened while he was hospitalized. Kister also maintains that he was not permitted to see his neurologist for a scheduled appointment. He was not permitted to publish on his website or access his email. Plaintiff contends that defendant Chris Henry trespassed on his property, and he has not yet been arrested for this trespass. Plaintiff was forced to provide a blood sample against his will. Kister also asserts that he was not permitted to practice his religion. He was exposed to toxic air emissions from the furniture in the hospital. He also maintains that an original, hand-written essay was ripped up by other patients. He was forced to eat non-organic food, which he maintains is a form of assault. He was also given decaffeinated coffee, which can cause cancer. He was also given styrofoam cups. His food was stale, nearly inedible and horrendously prepared. He suffered demeaning and degrading treatment.

Plaintiff argues that the Ohio appellate court failed to take into account that he had filed a complaint against the Probate Court's decision, which he supported with substantial evidence.

Discussion. To the extent that plaintiff's claims imply that his civil commitment was invalid, under *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claims for damages pursuant to 42 U.S.C. § 1983 are barred. Under *Heck* and its progeny, a state prisoner cannot state a cognizable claim under sections 1983 "if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (citing *Heck*, 512 U.S. at 486-87). The rule in *Heck* is not limited to claims challenging the validity of criminal convictions. *See Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1137 (9th Cir.2005)(applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Von Flowers v. Wisconsin Dep't of Health & Family Servs.*, 58 Fed.Appx. 649, 651, 2003 WL 352039, at 2 (7th Cir. 2003)("[Plaintiff] cannot sue for damages under § 1983 for his allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render his commitment invalid, until that commitment has been declared invalid through the proper channels.")(*citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). With respect to his claims that essentially attack the lawfulness of his commitment without first having it set aside, his tendered complaint failed to state a claim under *Heck*. *See In re Kister*, 955 N.E. 2d 1029 (4th Dist. Ct of App. 2011).

To the extent that plaintiff seeks relief based on the conditions of confinement under Section 1983, those claims may go forward. Plaintiff's claims alleging violations of his First, Eighth and Fourteenth Amendment claims remain pending. *See* ¶¶ 24, 32-40 of the complaint.

Each defendant is ORDERED to answer or otherwise respond to the complaint within twenty-one(21) days of the date of this Order.

Date: May 24, 2012            s/James L. Graham
           James L. Graham
           United States District Judge